UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW BRACKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:06-cv-727-SEB-VSS |
| vs. ) | |
| ) | |
| MARION COUNTY SHERIFF FRANK ) | |
| ANDERSON, in his official capacity, ) | |
| and DEPUTY RONALD Shelnutt, in ) | |
| his individual capacity, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This cause comes before the Court on Defendants' Motion to Quash Subpoena Duces Tecum and Plaintiff's Response in Opposition thereto. In an Entry dated July 26, 2006, this Court addressed certain of Defendants' arguments and found that objections based on relevance and on the protection of an expert's intellectual property should be overruled. The Court left open the question whether Defendant Shelnutt could assert the psychotherapist-patient privilege as to this material and left its determination open for Defendants to claim the privilege and for the parties to brief its applicability. Subsequently Defendants filed their Supplemental Brief and Plaintiff filed his Response in Opposition.

The Court, now having considered the foregoing and being duly advised, overrules Defendants' claim of privilege; denies Defendants' Motion to Quash

and orders compliance with the Subpoena within twenty (20) days of the date of this entry.

The background of this dispute is more fully set forth in our Entry of July 26, 2006. In a footnote to that Entry, we invited a discussion of a possible claim of psychotherapist-patient privilege in the light of the case of *Jaffe v. Redmond*, 518 U.S. 1 (1996). Defendant Shelnutt did in fact attempt to assert such a claim. Plaintiff has disputed the availability of the privilege.

What is being sought through Plaintiff's Subpoena are raw data, answers to tests, and examiner's notes generated during five examinations of Defendant Shelnutt over the period from 1998 to 2005. Each of these examinations was taken, not on Shelnutt's initiative, but at the direction of his employer, the Marion County Sheriff. The examinations were taken to provide the Sheriff with an evaluation of Shelnutt's mental status to allow the Sheriff to determine whether he was an appropriate candidate for the position of merit deputy (1998), SWAT team member (March 2001) and K9 officer (September 2001). More recently, the Sheriff directed Shelnutt to undergo fitness for duty exams in December, 2004 and August, 2005.

While, in the broadest sense, such an examination might be considered as one for the purpose of a "diagnosis" as that term is used in *Jaffe v. Redmond*, 518 U.S. at 15, it is clear that these examinations were not undertaken with a therapeutic purpose for Defendant Shelnutt's benefit but with an evaluative purpose for his employer. That is not to say that there

would be no public policy benefit to a rule that encouraged candor and forthrightness on the part of employees, particularly public safety employees, undergoing such evaluative examinations. However, such a rule stretches the psychotherapist-patient privilege beyond its recognizable bounds. A privilege of this sort is better left to the legislative or rule making process rather than common law speculation at the trial court level.

The psychotherapist-patient privilege recognized in *Jaffee* is a traditional evidentiary privilege arising from a confidential relationship which the law recognizes and seeks to protect. In this sense, it is akin to the doctor-patient, attorney-client, spousal and priest-penitent privileges. All of these privileges depend upon a confidential relationship, entered into voluntarily and understood to be invested with special significance. All of these privileges are lost or never come to fruition when it is expected that either party will share the communication with a third party. *See*, as to the attorney-client privilege, Epstein, *The Attorney-Client Privilege and the Work Product Doctrine*, 178-185 (ABA, 2001).

In this case, the purpose of the examination was clearly to generate an evaluative report for Defendant's employer. As such, the privilege does not arise from this relationship. Nor does the fact that these two parties are co-

defendants now create a privilege that did not arise at the time of the examination when no such common interest was present.

Further, the conduct of the examiner and the disclosures made to Shelnutt at the time make clear the absence of a therapeutic purpose and the absence of any intent to hold matters in confidence from the employer Sheriff. *See*, Plaintiff's Response Brief at 4-5.

Finally, other District Courts that have considered similar cases involving police officers sued for excessive force, who had been ordered to submit to initial or fitness for duty examinations by the employer. In these cases, where the examination was made at the employer's behest and the officer was aware that results would be provided the employer, no psychotherapist-patient privilege was found to arise and testing materials were compelled to be disclosed. *See Scott v. Edinburg,* 101 F.Supp. 2d 1017 (N.D. Ill. 2000); *Phelps v. Coy,* 194 F.R.D. 606, 607 (S.D. Ohio 2000).

Since the Court has concluded that no privilege arose, the Court need not consider whether the privilege was properly claimed or whether it was waived.

Defendants' Motion to Quash is DENIED and the non-party is directed to comply with the Subpoena within twenty (20) days.

DATED this 12th day of January, 2007.

_____
JOHN P. GODICH, MAGISTRATE JUDGE
United States District Court
Southern District of Indiana


Copies to:

**Kathleen Ann DeLaney**

4

DELANEY & DELANEY LLC
kathleen@delaneylaw.net,kari@delaneylaw.net,cindy@delaneylaw.net,ed@delaneylaw.net,lizzie@delaneylaw.net

**Robert D. King , Jr**
rking@kingandrogers.com,ggagne@kingandrogers.com

**Andrew J. Mallon**
OFFICE OF CORPORATION COUNSEL
amallon@indygov.org,andymallon@hotmail.com

**Anthony W. Overholt**
LOCKE REYNOLDS LLP
aoverholt@locke.com,lmyers@locke.com

**Kevin C. Schiferl**
LOCKE REYNOLDS LLP
kschiferl@locke.com,thalcomb@locke.com,mcarson@locke.com